**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RANDY GLEN MOUNCE,

      Petitioner-Appellant,

v.

BOBBY BOONE, Warden;
THE ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 00-6368
(D.C. No. 99-CV-1643-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Randy Glen Mounce, a prisoner of the State of Oklahoma appearing through counsel, appeals from the denial of his petition for habeas relief filed under 28 U.S.C. § 2254. The district court denied his application for a certificate of appealability. See 28 U.S.C. § 2253(c)(1). We construe petitioner's notice of appeal as a renewed application for a certificate of appealability. Fed. R. App. P. 22(b)(2). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Petitioner pled guilty to a charge of first degree felony murder and was sentenced to life imprisonment without parole. The magistrate judge, in a thorough, well-reasoned, and well-supported report and recommendation, recommended that habeas relief be denied. All of petitioner's issues were framed as claims for ineffective assistance of counsel to avoid procedural bar. The magistrate judge thoroughly reviewed the law of procedural bar before considering petitioner's claims of error under Strickland v. Washington, 466 U.S. 668 (1984). The district court adopted the recommendation and denied relief.

Petitioner argues on appeal that: (1) life without parole was not available once the State agreed to withdraw the bill of particulars, resulting in a void sentence; (2) the State must be held to its promises under the terms of the plea agreement and petitioner is entitled to specific performance, in this case a life

sentence, or his sentence would violate the Fourteenth Amendment; (3) the sentencing hearing not only failed to conform to Oklahoma's statutory safeguards and procedures, but also was totally void of Fourteenth Amendment notice, fundamental fairness, and due process, and denied petitioner his right to the effective assistance of counsel; (4) the State withheld exculpatory evidence and engaged in other improper, unethical, and prejudicial misconduct in violation of Fourteenth Amendment due process and the integrity of the judicial system; and (5) petitioner was denied effective assistance of counsel at trial and on appeal, in violation of his Sixth and Fourteenth Amendment rights. For these reasons, petitioner argues that a certificate of appealability should issue under _Miller v. Champion_, 161 F.3d 1249 (10th Cir. 1998).

We have considered petitioner's arguments in light of the record on appeal. We find no error, and deny a certificate of appealability for substantially the same reasons as those set forth in the magistrate judge's report and recommendation.

Petitioner's application for a certificate of appealability is denied. The appeal is DISMISSED.

Entered for the Court


Stephanie K. Seymour
Circuit Judge
